[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2010
JOHN LEY
CLERK

No. 10-10087
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-20369-AJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES WALKER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 12, 2010)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

James Walker appeals his sentence of 36 months' imprisonment, imposed after he pled guilty to 1 count of conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846. On appeal, he argues that the district court improperly enhanced his sentence for possession of a weapon, pursuant to U.S.S.G. § 2D1.1(b)(1), and denied him safety-valve relief, pursuant to U.S.S.G. § 5C1.2(a)(2), but concedes that any alleged error is insufficient for reversal because the court stated that it would still impose the same sentence regardless of its resolution of those guideline issues. Walker further argues that his sentence is substantively unreasonable. We review a defendant's sentence for reasonableness. *United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005); *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005).

Walker has not satisfied his burden of establishing that his sentence was unreasonable. First, he concedes that the district court stated that it would have imposed a 36-month sentence regardless of the § 2D1.1(b)(1) enhancement and § 5C1.2 safety-valve relief. Even if Walker's objections had been granted, his guideline range would have been 37 to 46 months' imprisonment, so his 36-month sentence was still below the applicable guideline range. Thus, any alleged

2

guideline errors did not affect his sentence.[1]  Furthermore, he failed to show that his sentence was substantively unreasonable, as the district court stated that it had considered the § 3553(a) factors and imposed a sentence that was sufficient, but not greater than necessary, to satisfy the requirements of § 3553(a).  The court also reviewed Walker's criminal history, discussed the need for deterrence, considered the advisory guideline range, and stated that it wanted to take into account Walker's age, health, family obligations, and lack of recidivism, all of which are proper considerations under § 3553(a).  Accordingly, we hold that Walker's sentence was reasonable and we affirm.

**AFFIRMED.**

---

[1] Walker's claims also fail on the merits, as the district court properly applied the weapons enhancement and denied safety-valve relief.